Bigger, J.
This action is brought to recover money paid into the hands of the police clerk of the city voluntarily by one under arrest, and at his own request accepted instead of bond.
The plaintiff after the deposit brought an action against the party arrested before a justice of the peace and had an attachment issued and served upon the police clerk who had custody of the money on the day before that set for the trial, and upon the day set for trial the party failed to appear and his bond was declared forfeited. It is alleged that before the justice the plaintiff had judgment in his favor and that the defendant answered admitting his possession of the money, and that he was ordered by the justice to pay it into court, but has failed and refused to do so, and this action is brought to obtain a judgment against the garnishee for the amount of the claim.
The question here presented is one of some difficulty. There are two decisions in this state by the Supreme Court upon the question of the right to receive money in lieu of bond, the holding being that money can not be received in lieu of bond, *207 but the mere fact that the receipt of money in lieu of bond is not authorized does not seem to be decisive of the question.
The third branch of the syllabus in the case of the City of Columbus v. Dunnick, 41 O. S., 602, is:
“D having failed to show that S was his debtor at the time of the deposit, and that it was made in fraud of any creditor,, the trial court should have rendered judgment .for the city.”
Now the petition in this case does not allege that the party arrested was the debtor of the plaintiff at the time the money was-deposited, nor that it was in fraud of any creditor. Upon this decision, therefore, it would seem that the plaintiff’s petition does not state -a cause of action. If that be true the answer to which a demurrer is filed would be, sufficient on the principle that a bad answer is good enough for a bad petition. But beyond that I think it is true that an attaching creditor stands in no better position than his debtors- This was expressly decided in the case of Sheldon v. Simons, Wright’s Reports, 724. Such also seems to be the effect of the decision in the case of Carty v. Fenstermaker, 14 Ohio State, 457, and Morgan v. Spangler, 14 Ohio State, 102.
Now this levy was made on the day before that set for trial. The party arrested had not yet made default; but was this his property within the meaning of the statute governing attachments'?
The statute (6489) gives the creditor a right to attachment against any property of the defendant in a civil action under conditions therein provided. Section 6498 gives a right to garnishment against any person having property of the defendant in his hands. Section 6500 provides for the answer of the garnishee and he is required to answer touching the property of every description of the defendant and credits of the defendant. The next section provides he may pay the money owing to the defendant into court, etc.
The question is, Was this money at the time when this attachment was levied the property of the defendant so as to be liable to attachment at the suit of‘a creditor? It would seem that unless the rights of a creditor are higher and better *208 than the debtor in this case attachment would not lie. Undoubtedly on the day when this attachment was levied the defendant was not in position to enforce the repayment of this money. No court would have ordered it paid him except upon certain conditions, and he could not have obtained it without first complying with those conditions. That is he would have to submit himself to the jurisdiction of the police court and give a proper bond before he-could obtain this money. No court would listen to his claim until he had done that. Unless, therefore, the attaching creditor stands in somewhat better position than the debtor who deposited the money, it would see that the attaching creditor could not obtain it without also complying with those conditions. It does not seem to me that an attaching creditor can obtain & valid lien by attachment upon money which was not due to the debtor. This is not an action to have a conveyance of property set aside in fraud of creditors. In such case the.action would have to be for the common benefit of all the creditors.
Caron & Snow, for plaintiff.
Butler & Carter, for defendant.
The Circuit Court of Wood County decided in Bryant v. Johnson, 12 Circuit Court, 102, that attachment would not lie against property conveyed by an insolvent to preferred creditors.
True, the statute gives a right of attachment against money not yet due under certain conditions. But I am of opinion that a creditor can not by attachment reach money not either now due or to become due to the debtor without any further act upon the debtor’s part except lapse of time. In this case the party under arrest voluntarily paid this money over to the city. There is no claim in the petition that this was either actually or constructively done in fraud of creditors’ rights. Having voluntarily parted with it under such circumstances, I do not see how ■a creditor of his can reach it by attachment. For these reasons I am of opinion that the demurrer to the answer should be overruled'.